Marshall, Ch. J.,
 

 delivered the opinion of the court as follows : — In this case, two points are made for the consideration of the court. It is contended by the plaintiffs in error, 1st. That judgment on the demurrers to evidence should have been rendered for the defendants in the court below. 2d. That Joseph Ballinger ought to have been admitted as a witness.
 

 The general doctrine on a demurrer to evidence has been correctly stated at the bar. The party demurring admits the truth of the testimony to which *9091 ke demurs, *an<l also those conclusions of fact which a jury may fairly -* draw from that testimony. Forced and violent inferences he does not admit; but the testimony is to be taken most strongly against him, and such conclusions as a jury might justifiably draw the court ought to draw.
 

 The point in issue between the parties was the delivery of the instrument on which the suit was instituted. The plaintiffs below contending that it was delivered, absolutely; the defendants, that it was delivered as an escrow. The bond, upon its face, purports to be delivered absolutely ; and it is not to be doubted, that obligees would be much more secure against fraud, if the evidence that the writing was delivered as an escrow, appeared upon its face, than by admitting parol testimony of that fact. But the law is settled otherwise, and is not to be disturbed by this court.
 

 The subscribing witnesses to the bond were examined to prove its delivery. Henry Pawling executed it, at one time; the other defendants^ Kennedy, Todd and Adair, at a different time. With respect to Pawling, the testimony is as complete as can be required. William G. Bryant deposes that Pawling signed the bond, on condition that other persons, whom he named, should also sign it. The witness understood, that if those other persons should not sign it, Pawling should be exonerated. Elijah Stapp, the other subscribing witness to the signature of Pawling, deposed that “ he saw Pawling acknowledge it as his act and deed, upon condition that others, whom he mentioned, should also sign it.” These are the subscribing witnesses to the bond, and certainly a jury believing them could not have
 
 *133
 
 avoided declaring, by tbeir verdict, that the bond was delivered on condition. That condition not having been performed, the bond, as to Pawling, remains an escrow.
 

 The testimony, with respect to the other defendants, is less positive. The witness, John P. Wagnon, was *called in to attest the bond. ^ Thomas Todd, one of the defendants, then sat down and inserted in L thebody of the bond the names of other persons who, he said, were also-to execute the instrument which he then held in his hand. Some distinction was taken at the bar between the case of Todd and that of the other defendants. But the court is of opinion, that no such distinction exists. The other defendants said nothing. They did not even acknowledge their signatures. Todd holding the instrument in his hands, called upon the witness to take notice that “we” (in the plural) “acknowledge this instrument, but others are to sign it.” The two other obligors being present, and making no other acknowledgment, are clearly to be considered as speaking through Todd, and executing the bond on the terms on which he executed it. Their condition, then, is the same. It is either an escrow, or a writing obligatory, with respect to all of them.
 

 A jury might certainly have found the issue in favor of the plaintiffs below, and a court would have been well satisfied with their verdict. But might they not, without going against evidence, have found the issue in favor of the defendants below ?
 

 When words are to be proved by witnesses, who depend on their memory alone, the precise terms employed by the parties will seldom be recollected, and courts and juries must form their opinions upon the substance and upon all the circumstances. Now, to what purpose did the defendants call upon the subscribing witness to take notice that others, as well as themselves, were to execute the writing ? To what purpose did they qualify their acknowledgment with this declaration ? It could not be, in order to show that they depended on Ballinger to procure additional securities, for that was an affair between him and them, of which it was perfectly unnecessary to call on the witness to take notice, if it was to have no influence on the particular fact he was required to attest. There is certainly strong reason for believing that the obligors considered that declaration as r-tooA *explaining and effecting the act with which they connected it. *-
 

 It is also of some importance, that the defendant Todd had previously declared, that he should not be apprehensive of becoming a security for Ballinger, provided others, whom he named, should also become securities, and that he inserted the names of others in the bond, in the presence of the witness.
 

 Although the judges who compose this court might not, perhaps, as jurors, be perfectly satisfied with this testimony, they cannot say, that a verdict would not be received, or ought not to be received, which should find the issue in favor of the defendants below. They cannot say, that such a verdict would be against evidence. Thinking so, the court is of opinion, that the judgment on the demurrer ought to have been in favor of the defendants below.
 

 It is unnecessary to give any opinion on the second point. The judgment of the court for the'district of Kentucky is to be reversed.
 

 Judgment reversed.