## SHIELDS *v.* ARNOLD, in Error.

HELD, that one party has a right to demur to the evidence of the other, although it be parol; and that his adversary is bound to join in demurrer (1).

(1) The leading case on this subject is *Gibson* v. *Hunter*, 2 H. Bl. 187. It is there settled, that either party may demur to the evidence of the other, whether it be written or parol. If the evidence be written, the party *must* join in demurrer; so if it be certain and positive, though parol. But if the parol evidence be either loose and indeterminate, or circumstantial merely, every fact and conclusion which the evidence conduced to prove, must be distinctly admitted, upon the record, before a joinder can be demanded. Ibid.—1 Arch. Pr. 185.—*Fowle* v. *The C.C. of Alexandria*, 11 Wheat. 320.—*The Columbian Ins. Co.* v. *Catlett*, 12 Wheat. 383, 389. And when the party joins in demurrer, without insisting on this admission, upon the record, the Court may draw the same inferences in his favour, from the facts stated, which the jury could

*Nov. Term, 1820.*

SHIELDS
v.
ARNOLD.

*Thursday, November 23.*

Nov. Term, have drawn. Ibid. If the demurrer be so negligently framed that there is no
1820.     certainty in the statement of the facts proved, it ought not to be allowed; but
——————— if it be, and there be a joinder and judgment, the latter will be reversed on a
WOODKIRK  writ of error, and a *venire facias* directed. *Gibson* v. *Hunter*, supra.—*Fowle* v.
v.       *The C. C. of Alexandria*, supra.—1 Arch. Pr. 186. Vide also on the subject of
WILLIAMS. demurrers to evidence, *Cocksedge* v. *Fanshaw*, Doug. 119.—*Lewis* v. *Few*, Anth.
Cas. 79, note a.—*Pawling* v. *The United States*, 4 Cranch, 219.—*The U. S.
Bank* v. *Smith*, 11 Wheat. 171, and note.—*Bulkeley* v. *Butler*, 2 Barn. &
Cress. 434.—*Dougherty* v. *Campbell*, ante, p. 39.