Mr. Justice Teottek
delivered the opinion of the court:
1. The objection to the sufficiency of the evidence, is urged principally, on the ground, that the form of the notice to Chew-ning, is not stated, and it does not therefore appear that proper notice was given. The notice was personal, and given on the day of the demand for payment; and hence we take it to be a fair inference,' that it was of the character usual in such-cases. From the connection which the statement has with the previous statements of the witness, it is unwarrantable to draw any'other conclusion, than, that the notice thus given, was of the demand of payment, as stated in the testimony; of non-payment, and that the endorser’.to whom it was communicated, would be held liable. It would be absurd to draw any other inference. Can .it be supposed for a moment, that an application for a new trial after a general verdict finding the defendant liable, upon this evidence, would be set aside ? ’ The judgment of the court must stand on as firm ground. For it is a general rule, that on a demurrer to evidence, the court will infer such facts as the jury would have done had the cause been left to their decision. 1 J. R. 241. 4 Cranch, 219. And every thing is to be considered as admitted, which a jury might reasonably infer. 5 J. R. 29. 2 Caine’s Rep. 134. 3 Binney, 457. Besides, it has been uniformly held, that no particular form of notice is necessary. ■ And though it-be irregular, or^even vary in some particulars from the true state of the facts, yet if it be sufficient to put the party on inquiry it is good; and *556 the question, whether it have that tendency, is one, which must in all cases, be determined by a reference to the accompanying circumstances. Mills v. Bank of the United States, 11 Wheat. 431. In the case in 9 Wend. 280, the notice misstated the amount of the debt, and yet as it appeared that there was no other note in the bank in which the party was concerned, and from the other facts in the case that he could not be misled, as to the identity of the paper, he was held liable, and this appears to be the settled rule. 2 John. C. 337. 3 Wend. 456. There is nothing in the testimony to show that the demand of payment was not regular. The statement that the note was all the day at the Planters’ Bank, must be taken in connection with the additional fact that it was presented at the Commercial Bank, which modifies and explains the statement, and renders its meaning too obvious to need any observations.
2. The objection, of the want of title in the plaintiff, has no foundation in the law as it now stands both in England and this country. For though the endorsement is in blank and was not filled up to the plaintiff, it makes no difference. It is true that a different doctrine at one time prevailed in England, but it is now settled that an endorsement in blank, in itself, constitutes a complete and perfect transfer of the interest in the bill, and without the addition of any other words, will vest the right of action and all other rights in the transferee. Chitty on Bills, ed. 1839, p. 255. It is prima facie, a transfer of the interest to the holder, andas such, must prevail until the contrary be established. Ib. 19 Ves. 229, 232. In Louisiana it has been held that the holder of a negotiable note, by blank endorsement, may maintain a suit upon it without filling up the blank. 2 Miller’s Louisiana Reports, 192. The case of Day et al. v. Leyon, 6 Harr. & John. Rep. is in conformity to the earlier decisions in England, but cannot be recognized as authority, since the change which has taken place in the law on this subject. It is not supported by principle, or any modern authority.
The judgment must be affirmed.