## McNAMARA et al. *v.* JARVIS et al.

The failure of any of the obligors named in an instrument to sign it, authorises the others to retract; but they must do so seasonably, before the contract takes effect.

Where in an action by creditors against the sureties in an administrator's bond, defendants plead that they have been discharged by the gross negligence of plaintiffs, it is an admission of their liability unless negligence be shown, and a waiver of any defects of form in the execution of the bond.

APPEAL from the Second District Court of New Orleans, *Canon*, J. *Peyton* and *I. W. Smith*, for the plaintiffs. *Winthrop*, for the appellant, cited *Wells* v. *Dill*, 1 Mart. N. S. 593. Pothier, Oblig. no. 11. 4 Cranch, 219. The judgment of the court was pronounced by

ROST, J. The plaintiffs, being creditors of the late *John Dwyer*, were placed as such, for the dividends coming to them, on the tableau of distribution filed by the administrator of his succession. The tableau was duly homologated, and the administrator having failed to pay over the dividends, writs of *fi. fa.* were issued against him, and returned by the sheriff—no property found. This action was instituted against the sureties on the administrator's bond, for the amount of the unpaid dividends. The defendant, *Jarvis*, filed a general denial; admitted his signature to the bond, but resisted the claim of the plaintiffs, on the ground that he was discharged from all liability, in consequence of their gross negligence and inattention in enforcing their claims against the administrator. He further alleged that, if not so discharged, *Mary*, and *Sally Dwyer*, two of the plaintiffs, had received on account the sum of $400, for which credit should be given. There was judgment, *in solido*, against him and another of the defendants, and he appealed.

The allegations in the answer of the appellant are not sustained by proof; but his counsel asks the reversal of the judgment, on a point not put at issue. He alleges that the name of *Goodrich*, one of the sureties named in the body of the bond, was signed without authority by his attorney in fact, *Thomas;* and that the name of *Stetson* was substituted for that of *Andrews*, who did not sign the bond, although his name is also inserted in the body of it.

McNamara
v.
Jarvis.

Had this plea been made in the answer, we are not prepared to say that, after the appellant had suffered the contract in which he entered to be executed without opposition and rights to be acquired by third persons under it, he could avail himself of that informality. We admit the doctrine, contended for by the appellant, that the failure of any of the obligors named in the instrument to sign it, gives the others the right to retract. But we apprehend that it is incumbent upon them to do so seasonably, and before the contract takes effect. The opinion of Judge Marshall, relied on by the appellant, clearly lays down the distinction. The question in that case was, whether the instrument was delivered absolutely, or merely as an escrow. On the evidence adduced, the court considered that a jury might well have found the issue in favor of the defendants, and gave judgment on the demurrer accordingly. But if it had been clearly shown that the instrument had been delivered absolutely, the judgment must have been otherwise. 4 Cranch, 219.

But this plea appears to us inconsistent with the answer, and cannot be entertained. The allegation that the sureties were discharged in consequence of the gross negligence of the plaintiffs, necessarily admits the liability of the defendants, if negligence is not shown. This defence is a waiver of all defects of form, and the appellant must abide by the issue he has deliberately made.

*Judgment affirmed.*