<div style="float:right">HENDRICKS<br>v.<br>PHILLIPS.</div>

In conclusion, we have to remark that, we do not wish to be considered as expressing an opinion that an overseer, who thus injures or destroys the property of his employer, can sustain an action for his salary. We have considered this case as it is presented by the defendant, who appears to have been willing to allow the overseer his salary, upon receiving compensation for the damages sustained. If, on a future occasion, the point should be presented, we shall consider it as open.

It is, therefore, decreed that, the judgment of the court below be reversed; and it is further decreed that, there be judgment in. favor of the defendant, and that he recover from .the plaintiff the sum of $100, with costs in both courts.

## LOVELACE v. CUNY.

Decision in *Adle* v. *Anty*, 1 An. Rep. 260, affirmed.

APPEAL, by the defendant, from a judgment of the District Court of Catahoula, *Barry*, J. *Mayo*, for the plaintiff. *Cuny*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. This case is not distinguishable from that ·of *Adle* v. *Anty*, 1 An. Rep. 260. For the reasons then given, it is decreed that the judgment of the District Court be reversed, and that this cause be remanded for further proceedings according to law ; the plaintiff paying the costs of this appeal.

## TAYLOR et al. v. JONES et al.

A probate judge, by whom the bond of an administratrix was accepted and letters of administration granted, cannot be heard as a witness to prove that one of the parties by whom the bond was signed executed it on the express condition, that other persons, who never signed it, should become co-sureties with him ; nor can any other person be received as a witness to establish such a fact.
Parol evidence is inadmissible to impeach or contradict a record of judicial proceedings.

APPEAL from the District Court of Catahoula, *Barry*, J.
G. S. *Sawyer*, for the appellants, cited 4 Cranch, 219. 1 Wright's Ohio Rep. 667. 2 Iredell's N. C. Rep. 338. 4 Pick, 520. 2 La. 48. 5 Cranch, 356. Shepherd's Touchstone pp. 51–8. Root's Conn. Rep. p. 159.

*McGuire* and *Ray*, on the same side. Parole evidence is inadmissible to invalidate or explain the bond, unless attacked for fraud or forgery. *Police Jury* v. *Haw*, 2 La. 48. 1 Greenleaf, Ev. nos. 275, 278, 282 to 284, 1 Phill. on Ev. p. 548. 4 lb. no. 96, p. 1428; no. 984, p. 1466. A bond prepared for three, but signed only by two, is valid. 10 Mass. 442. 12 Ib. 137. 8 Pickering, 322. 15 Ib. 511. The testimony of the probate judge was inadmissible, *Mathews* v. *Boland*, 5 Rob. 200. *Briggs* v. *Stafford*, 14 La. 381.

*Purvis* and *Garrett*, for the defendants, relied on *Wells* v. *Dill*, 1 Mart. N. S. 59. 4 La. 551. *United States* v. *Paulding*, 4 Cranch, 219.

TAYLOR
*v.*
JONES.

*O. N. Ogden*, on the same side, cited 1 Serg. & Rawle, 464. 1 Wend, 478. 1 Binney, 610. 2 Phill. Ev. 757.

The judgment of the court was pronounced by

EUSTIS, C. J. This is a suit by the plaintiffs, who are creditors of the succession of *Robert Fristoe*, against the defendants, *Charles Jones* and *John W. Stone*, who signed the bond given by the widow of *Fristoe*, who was appointed administratrix of the succession, as sureties for the faithful administration. The trial of the case was had before a jury, who, under a charge from the court, rendered a verdict for the defendants, and the plaintiffs have appealed.

The defence to the action is disclosed in a bill of exceptions, taken by the counsel for the plaintiffs to the admission of the evidence offered on the part of the defendants, which was received and permitted to go to the jury. The bill of exceptions is as follows:

"Be it remembered that upon the trial of the above entitled cause, the defendants offered *James G. Taliaferro*, formerly parish judge of said parish, as a witness, and asked him the following questions, viz: 'Did, or not, *Jones*, immediately upon signing the bond on the table of *Phelps*, turn to you and inform you that he had done so, but upon the express condition that it was to be signed by *Phelps*, *Bowie*, *Desha* and others, as co-sureties, which was objected to by counsel for plaintiffs on the ground, that he being the officer who authenticated the bond, administered the oath to the administratrix, and granted letters of administration thereon, all on the same paper, was not admissible as a witness to invalidate it, to add to, or diminish it, or vary its purport or effect; and also on the ground that oral evidence was inadmissible to contradict a public record, or to explain, add to, diminish, or contradict said bond ; all of which objections were over-ruled and the evidence received by the court. The de fendants also offered *Truman Phelps* as a witness to prove the same facts asked of *Taliaferro*, which was objected to by the counsel for plaintiffs, on the ground that oral evidence was inadmissible to add to, explain, diminish, or contradict the bond; all of which was over-ruled by the court, and the evidence received by the court. To all of which opinions of the court, the plaintiffs by their counsel except, and pray this bill be signed by the court, which is accordingly done." *Phelps* was the attorney for the administratrix.

The defence for *Jones*, is, in substance, that he became one of the parties to the bond, on the express condition that other persons were to become co-sureties with him. *Stone*, the other defendant adopts the same defence for himself.

The bond appears to be written on a half sheet of ruled paper, larger than the usual size. It is signed by *Sarah E. Fristoe*, *J. W. Stone* and *Charles Jones*. The names of the sureties are not inserted in the body of the bond. A blank line appears to have been left following the name of the administratrix, which is inserted in its place. There are four scrolls marked thus, [Seal]. It appears to have been taken and acknowledged before the judge on the 27 of May, 1839, the day of its date. The oath of the administratrix follows immediately after the bond, and with it the *jurat* of the judge, and then follows the *fiat* of the judge in these words:

"State of Louisiana, parish of Catahoula, ss: Be it known that I, the undersigned, judge, in and for the parish of Catahoula, State aforesaid, do by these presents constitute and appoint *Mrs. Sarah E. Fristoe*, administratrix of the estate and succession of *Robert Fristoe*, deceased, and authorize and empower her to discharge and perform all the duties incumbent on her in that capacity according to law. Given under my hand and seal of office, this 27th day of May, A. D. 1839. JAMES G. TALIAFERRO, Parish Judge."

The original is before is us. It is not marked filed; but it bears the impress of the seal of the court, and an endorsement in the hand writing of the judge—*Letters administration and Bond, and Oath of Admintstratrix.* It is not pretended that this instrument was not in its proper place, in the archives of the late parish judge's office. Indeed it was the whole basis of the proceedings of the succession, during years of litigation.

If we consider those proceedings as judicial—the taking of the bond, the administration of the oath, and the decree of the judge appointing her, on her application administratrix, and recognizing her as having given the bond, and determining that the judge had received and approved it, and therefore had authorized and empowered her to perform all acts as administratrix, these three acts performed by the judge, by virtue of his office, seem to answer the question submitted for our decision in the bill of exceptions.

The judge who takes the bond for the faithful administration of a succession, is called upon to act judicially. He, by receiving and approving the bond, determines on the sufficiency of the amount, and the qualifications of residence and solvency of the sureties. On his *fiat* the obligation entered into becomes what is denominated in our law, a judicial suretyship. C. C. 3033. The authority for the administratrix to act as such, based upon the preceding fulfillment of the requisites of the law, is a judicial act in every sense of the term.

The counsel who argued the case for the defendants, have relied upon the cases of *Wells* v. *Dill*, 1 Mart. N. S. 593, and *The United States* v. *Paulding, et al.* 4 Cranch, 219, &c.

We do not find that any of those cases relate to a bond of this description, which has been taken officially by a judge at a judicial suretyship. Such may have been the instrument in the first case, that of *Wells* v. *Dill;* but the point raised in this case was not even made, and the report of the case is too meagre to authorize the inference drawn by counsel, in favor of the opinion of the district judge in admitting the testimony offered.

Considering the principle elementary, that no parol evidence can be received to impeach or contradict a record of judicial proceedings, it is out of place to cite authority in support of it. Where would be the use of records if they were subject to be changed by the testimony of witnesses, or dependent on the treacherous memory of man. Deplorable would be the condition of that people, among whom the rights and property of citizens, as confirmed by the decisions of their tribunals, could be overturned by the very individual, who, in his public office and under the sanction of his oath, had pronounced judgment in their favor. De fide et officio judicis non recipitur quæstio, sed de scientia, sive sit error juris sive facti. Bacon, Maxims, rule 17.

We think the bill of exceptions well taken, and that a grave error was committed by the judge in allowing the testimony of the witnesses to go to the jury.

It is, therefore, decreed that, the judgment of the District Court be annulled and reversed, and it is ordered that the plaintiffs, *Taylor, Gardiner & Co.*, recover from the defendants, *in solido*, the sum of $427 55, with interest from the 2d August, 1845, until paid; and that *Catharine Howard*, widow in community, and tutrix of the minor *Carlisle Scotland Huie*, recover from said defendants, *in solido*, the sum of $580 20, with interest from the same date; the defendants paying the costs in both courts.