## CANAL AND BANKING COMPANY et al. v. BROWN et al.

| 4 | 545 |
| 112 | 309 |

The failure of any of the persons named as sureties in an administrator's bond to sign it, authorizes those who have signed it to retract, but they must do so seasonably; it is too late, after the obligation of those who signed has been completed by the delivery of the bond, and after the judge, the creditors of the succession, and the administrator, have been permitted to act upon the bond, to oppose the omission of the other signatures.

An administrator's bond, found in its proper place among the papers of the succession, though not marked *filed*, must be presumed, in the absence of other evidence, to have been acted upon by the judge in authorizing the administrator to take possession, and by the creditors in acquiescing in the appointment.

A judgment against the principal in an action on an administrator's bond is not conclusive against the sureties, who were not parties to the action on which the judgment was rendered.

By the Civil Code sureties could be joined in the action against their principal, and be subjected to the same judgment; but as relates to sureties on the bonds of administrators, tutors, curators, executors, and appellants, the law has been changed by the statute of 16th March, 1842, s. 6.

APPEAL from the District Court of Catahoula, *Barry*, J. *McGuire* and *Ray*, for the plaintiffs. *Phelps* and *Purvis*, for the appellants. The judgment of the majority of the court was pronounced by

EUSTIS, C. J. On the 26th of December 1839, *Pascal Austin*, as administrator of the succession of *Thomas Bryan* and *Melinda Bryan*, executed a bond for the faithful discharge of his duties as administrator, with seven persons as his sureties. There are some other persons named in the bond, who did not sign it. The responsibility of two of them, who had a separate trial, has been adjudicated upon in the case of the *Canal and Banking Company* v. *Grayson*, *ante* p. 511. The survivors of the remaining nine persons, and the representatives of those of them who are dead, are sued, to be made responsible as sureties of *Austin*, by several of the creditors of the succession of *Bryan*. The plaintiffs had judgment for the several amounts appearing to be due them, and the defendants have appealed. The two other defendants, who did not sign the bond, we consider as in no sense the sureties of the administrator, for the reasons given in the case referred to, the facts in both cases being not dissimilar, and governed by the same legal principals : they must be held not liable in plaintiffs action. The first ground of defence taken in argument is that, the bond is void, because the parties signed it on the condition that the four other, persons, whose names are contained in the bond, should also become parties to it; that it was an escrow, and had no effect as a bond until completed by all their signatures ; and was delivered to the parish judge as an escrow, to take effect in the event of all the signatures being affixed to it, and in no other.

A bill of exceptions was taken by the counsel for the defendants to the admission of the bond in evidence ; but as the objections can all be noticed in considering its effect as a bond valid and obligatory in law, it is not necessary to remark on the several points made to its admissibility.

It is stated that this defence is sustained by the evidence of the bond itself, which contains four names in the recital of the parties which are not signed to the instrument, and that in such a case the parties who have signed are not bound in law on the bond. The cases of *Wells* v. *Dill*, 1 N. S. 592, and *Pawling* v. *The United States*, 4 Cranch, 219, are relied upon in support of this position.

We have already had occasion to examine the case of *Wells* v. *Dill*, when cited in support of the doctrine in the case of *Taylor* v. *Jones*, 3 Annual Rep. 621 ; and we held the report of the case to be too imperfect to authorize the inference drawn by counsel. In that case the decision seems to have been based on the authority of the case cited from Cranch, and Pothier on Obligations, No. 11.

Pothier says : " Lorsqu'il y a un acte sous signatures privées d'un marché qui n'a pas reçu sa perfection entiére par les signatures de toutes les personnes exprimées dans l'acte, quelqu'une d'elles s'etant retirées sans signer, celles qui ont signé peuvent se dedire, et sont crues à dire qu'en faisant dresser cet acte elles ont eu l'intention de faire dependre de la perfection de cet acte leur convention."

If any of the parties to a contract, *which has not yet been perfected* by the signatures of all the persons whose names are mentioned in the act, should refuse to sign it, those who had signed it may retract. The defendants, on the refusal of the other parties to sign, could have withdrawn their signatures. But the difficulty in the application of this authority is that, the obligation of the defendants was completed by the delivery of the bond, and that, after permitting the judge and the creditors of the succession and the administrator to act upon the bond as it stood, they can no longer be heard on the objection of the want of the other signatures.

The case of *Pawling* turned on a question of fact, whether the bond was de-  <span>CANAL BANK<br>*v.*<br>BROWN.</span>
livered as an escrow or absolutely. There appears to be nothing in the opinion
which is applicable to the case under consideration. It was before us in the
case of *Taylor* v. *Jones*, and had already been examined by this court in the
case of *McNamara* v. *Purvis*, 2 Annual, 592. We then expressed our view
of the law to be that, the failure of any of the parties to a contract to sign the
instrument gave to those who had signed a right to retract, yet it was incumbent
on them to do so seasonably and before the contract takes effect. Certainly
there is nothing in the opinion of the Chief Justice in *Pawling's* case which are
in conflict with this doctrine.

The defendants have pleaded that the bond was handed to the judge as an
escrow, to be of avail when signed by the parties named in it.

The clerk of the district court swears that the bond was found among the
papers transferred from the office of the late parish judge to his office, and that
no other bond of *Austin* was there found. It bore the endorsement *Bond of
Administrator*, without any note of filing or other memorandum. It bears date
the 26th of December 1839, and recites that *Pascal Austin* has been appointed
administrator. The oath of *Austin*, as administrator, was taken two days pre-
vious before the judge, and letters of administration were granted by the judge
en the 13th of January following, and under this authority the succession has
been administered, or rather dilapidated, by the administrator, without any attempt
on the part of the sureties to prevent it, or to have themselves released. The
proceedings are far from being regular, but we can find no defect which reaches
the validity of the bond. The presumption attached to the legal acts of the
judge is that the bond, which is in its proper place among the papers of the
succession of *Bryan*, was acted upon by the judge in authorizing the administra-
tor to take possession and administer the succession, and by the creditors in ac-
quiescing in the appointment.

There is no evidence, other than that stated, concerning the delivery of the
bond; and we conclude that the defendants who signed it are bound by it, on
the principles settled in the case of *Taylor* v. *Jones*.

These are the views of a majority of this court, as at present advised. But
as we remand the cause for a new trial, the subject is still open for further exa-
mination.

The plaintiffs brought this action on a judgment and proceedings under it, in
a suit against *Austin*, the administrator, which were offered in evidence without
objection. On the trial of the cause two of the defendants offered evidence to
prove that this judgment was for a much larger sum than *Austin*, the adminis-
trator, was liable for. The admission of this evidence was objected to by the
counsel of the plaintiffs, on the ground that the defendants were bound by said
judgment, and were precluded from examining into the grounds or correctness
of said judgment. This objection was sustained by the judge, and the evidence
not admitted.

The question is thus presented whether a judgment on an administrator's
bond is, under our laws, conclusive upon the sureties, who were not parties to
the action in which the judgment was rendered.

A judgment in favor of the principal debtor necessarily inures to the benefit
of the surety; but Pothier states that, when the judgment is against the princi-
pal debtor the creditor can oppose it to the surety, and require that it be made

CANAL BANK
*v.*
BROWN.

executory against him, but the surety is permitted to appeal from this judgment, or, if it be rendered in a court of the last resort, to make a third opposition to it. Pothier on Oblig. 816, De Re Judicata, § 60.

There does not appear to have been provided in the Code of Practice any mode of making an opposition in the case of a surety who is sued on a judgment rendered against the principal debtor, the Code providing for two cases only. Hence it seems obvious, and has been so decided, that all rights other than those provided for in the Code are to be carried out in the ordinary action. *Skillman* v. *Parnell*, 3 La. 494. We have held that judgments of this kind were not conclusive on sureties. The case of collusion between the creditor and the principal debtor presents an example, in which the necessity of this rule is apparent. *Dawes* v. *Shed*, 15 Mass. 7. *Heard* v. *Lodge*, 20 Pickering, 59.

By the Civil Code sureties could be joined in the same action with the principals, and would consequently be subjected to the same judgment; but in relation to sureties on the bonds of tutors, administrators, &c. the law has been changed by the act of 1842. That act provides that no such such suit shall be instituted againat the surety, until the necessary steps have been taken to enforce payment against the principal.

A plaintiff was accordingly non-suited, who attempted to sue the surety of a curatrix of a vacant succession before having taken the legal steps to enforce his judgment against the curatrix. *Wilson* v. *Murrell*, 6 Robinson, 68. This prohibition of the sureties being made parties to the suit against the principal debtor, strengthens the position that they cannot be held to be concluded by the judgment.

We therefore conclude that the judge erred, in excluding the evidence offered for the reason that the judgment against *Austin* was conclusive upon his sureties; and that said judgment is not conclusive, but may be enquired into and corrected on proper allegations and by legal evidence. Some of the defendants have expressly pleaded fraud in not resisting the judgment, and as they do not unite in their pleas, and the want of proper allegations of defence is not mentioned in the bill of exceptions, we have confined our decision to the question of law therein stated.

It is therefore decreed that the judgment of the district court be reversed, and that judgment be rendered in favor of the legal representatives of *Resin Criswell* and *G. L. Lovelace*, against the plaintiffs, with costs in both courts; and it is further ordered that the case be remanded for a new trial as to the other appellants, with directions to the judge not to refuse the evidence offered by the two defendants, as stated in their bill of exceptions, on the grounds by him, the said judge, therein set forth; the appellees paying the costs of this appeal.

SLIDELL, J. I wish to be considered as not expressing an opinion as to the validity of the bond, not having formed one; and concur in the decree remanding the cause, as leaving the subject open for further examination,