MARTHA J. QUISENBERRY, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 7, 1910.

1. PERSONAL INJURY: Contributory Negligence. The deceased, carrying an easel and frame, got upon the front seat of a street car which had a foot or running-board on the side, and sat down on the front seat with one foot hanging out and resting on the footboard, and after the car was started and under full way, got up with the easel and undertook to take a seat further back by walking sidewise along the footboard, when

he fell off and was killed. *Held*, that his own negligence was the proximate cause of his falling and that there could be no recovery for his death.

2. ———: ———: **Witness.** Where a party introduces a witness, he vouches for his veracity, but is not concluded by his mistakes.

3. ———: ———: **Negligence: Inferences.** Negligence may be shown from circumstances, but there must be a reasonable and logical connection between the circumstance and the conclusion sought to be adduced.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield*, Judge.

REVERSED AND REMANDED (*with directions*).

*Charles L. Botsford* and *J. H. Lucas* for appellant.

(1)    There was no proof that said fall was caused by the jerk or sudden starting of said cars or by any other alleged acts of negligence charged in the petition. There is no room for the application of the doctrine of *res ipsa loquitur* to this case.  Peck v. St. Louis Transit Co., 178 Mo. 617; Miller v. Railroad, 5 Mo. App. 471; Schaefer v. Railway, 128 Mo. 64; Dougherty v. Railway, 81 Mo. 325; Bartley v. Railway, 148 Mo. 124; Hite v. Railroad, 130 Mo. 132, 139; Prior v. Railway, 85 Mo. App. 367; Gallagher v. Edison, etc., Co., 72 Mo. App. 576; Guffey v. Railroad, 53 Mo. App. 462; McGrath v. Transit Co., 197 Mo. 97; Benedict v. Potts, 88 M'd. 52; 6 Cyc., p. 590, par. 1; 4 Ency. Pleading and Practice, p. 342, par. 10, and note 3, and cases there cited; Walhier v. Railroad, 71 Mo. 514; Gurley v. Railway, 93 Mo. 445; Harty v. Railway, 95 Mo. 368; Lee v. St. Louis Mfg. Co., 6 Mo. App. 578; Feary v. Railway, 162 Mo. 75; Merriweather v. Railway, 45 Mo. 528; Conway v. Railway, 24 Mo. App. 235; Erwin v. Railway, 94 Mo. App. 288; Chaney v. Railroad, 176 Mo. 598; Railroad v. Klein, 43 Ill. App. 63;

Heagle v. Railway, 76 Ill. 501; Hewes v. Railroad, 217 Ill. 500. The injury to deceased was the result of his own negligence. 2 Hutchinson on Carriers, sec. 890, and authorities there cited; Jewell v. Railway, 54 Wis. 610; Hickey v. Railroad, 14 Allen 429; Nichols v. Railroad, 106 Mass. 463; Railroad v. Schiebe, 44 Ill. 460; Burrows v. Railroad, 63 N. Y. 556; Railroad v. Swift, 26 Ind. 459; Railroad v. Randolph, 53 Ill. 510; Railroad v. Slatton, 54 Ill. 133; Secor v. Railroad, 10 Fed. 15; Bon v. Assurance Co. (Iowa) 10 N. W. 225; Railroad v. Bangs (Mich.), 11 N. W. 276; Elder Demster, etc., Co. v. Pauppirt, 125 Fed. 732, S. C., 60 C. C. A. 500; 3 Hutchinson on Car., sec. 1170, note 1; Railroad v. Andrews, 39 Md. 329; Railroad v. Morris, 31 Gratt. 200; Railroad v. Aspell, 23 Penn. St. 147; Saunders v. Railway, 10 Okla. 325; 61 Pac. R. 1075; Schelber v. Railroad (Minn.), 63 N. W. 1034; 3 Hutch. on Carriers, secs. 1194, 1197; Smotherman v. Railway, 29 Mo. App. 265; Chaney v. Railway, 176 Mo. 598; Railroad v. Jones, 95 U. S. 439; Goodlett v. Railroad, 122 U. S. 391; Wheeler v. St. Joseph S. Y. & T. Co., 66 Mo. App. 260; Hite v. Railway, 130 Mo. 132; Cothron v. Cudahy Pack. Co., 98 Mo. App. 343; Prior v. Railway, 85 Mo. App. 367; Bartley v. Railway, 148 Mo. 124; McGrath v. St. Louis Transit Co., 197 Mo. 97; 3 Hutchinson on Car., sec. 1175, note 1; Smotherman v. Railway, 29 Mo. App. 265; Chaney v. Railroad, 176 Mo. 598; Scheber v. Railroad (Minn.), 63 N. W. 1034. (2) There was no act of negligence set out or designated in the petition herein as the foundation of this action and there is nothing in the evidence pointing out what such act of negligence consisted of, upon which the plaintiff depends for a recovery in this case. Railway v. Friedman, 146 Ill. 583; Railway v. Cable, 113 Ill. 115; Gurley v. Railroad, 93 Mo. 445.

*George B. Strother* and *W. F. Guthrie* for respondent.

(1)    Under a demurrer to the evidence, every inference favorable to the plaintiff must be made. Montgomery v. Railway, 181 Mo. 477; Powers v. Transit Co., 202 Mo. 267; Moore v. Transit Co., 194 Mo. 1.    (2)    A carrier receiving passengers is negligent if it fails to afford them an opportunity to place themselves in safety before starting the conveyance in any such manner as to injure them. Van Horn v. Transit Co., 198 Mo. 481.    (3)    While a party vouches for the veracity of his own witnesses, he is not bound by their statements so far as they differ from the statements of other witnesses. Bond v. Railroad, 110 Mo. App. 131; Dinsmore v. St. Louis, 192 Mo. 255; Knorpp v. Wagner, 195 Mo. 637; Mockowik v. Railroad, 196 Mo. 550.    (4) So far as the presumption is not in conflict with matters affirmatively established, there is a general presumption of due care in favor of one fatally injured. Buesching v. Gaslight Co., 73 Mo. 219; Crumpley v. Railroad, 111 Mo. 152; Baltimore, etc., Co. v. Landrigan, 191 U. S. 461.    (5)    While a jury may not speculate as to unestablished facts, or determine upon the existence of one or more ultimate facts equally consistent with the evidence, yet the jury may exercise their judgment as to the inference which should be drawn, even though the inference must be drawn from circumstantial evidence. Winkle v. Dry Goods Co., 132 Mo. App. 656; Yongue v. Railroad, 133 Mo. App. 141; Frank v. Furnace Co., 10 Mo. App. 61.

ELLISON, J.—Plaintiff is the widow of Roger X. Quisenberry, who was killed by falling from one of defendant's street cars in Kansas City. She brought this action for damages, charging in her petition that his falling from the car was caused by the negligence of defendant. At the close of the evidence in her behalf the court gave a peremptory instruction to the jury to

find for the defendant. She then filed a motion for
new trial, which was sustained, and thereupon defend-
ant appealed from that order.

It appears that defendant was operating cable
street cars, composed of what are called grip cars
coupled to regular street car coaches. The grip cars
are each run and controlled by a "gripman" who op-
erates a lever, the shank of which extends down under
the car and thence through slots in the street to the
cable rope beneath the surface. The grip car is open
at the sides and has seats for passengers on either side
of a narrow closed aisle in which the gripman stands.
A foot, or running board, extends the full length of
each side of the car, and it is the means by which pas-
sengers get onto the car at the end of a seat they may
intend to occupy. The roof of the car is somewhat higher
in the center than at the ends.

There were but three witnesses produced by plain-
tiff and one of these was not at the place and knew
nothing of the accident. It appears that deceased was
carrying a wooden easel and a frame. The easel was
shaped something like the letter "A" and was perhaps
six feet high. The frame was about two feet square.
He boarded the grip car at the front end. The only
witness who saw him was on the car when he got on.
She testified that he got on the car and seated himself
in the front seat, that is he sat in the seat, not squarely
but had one foot hanging out and perhaps resting on
the running board. The roof of the car in the front
was not high enough to permit the easel to stand on
the floor in a perpendicular position and deceased
leaned it forward. The bottom of the easel was near
the width of the seat, tapering up to the top, and
doubtless this was what caused deceased to place him-
self in the seat in a somewhat awkward position. After
the car started and was under full way, he concluded
to change his position and took his easel and frame,
got up on the running-board and with one hand hold-

ing onto one of the uprights supporting the roof, with his face to the car and back to the street, he began to move down towards a seat nearer the center of the car. In doing this, he fell over backwards onto the street and received the injury from which he died.

The other witness was standing near deceased at the street crossing waiting for the car and observed that he had the easel and frame. He testified that when the car stopped he went to the front end of the rear coach and got in, while he observed that deceased started towards the front end of the grip car. That is all that he saw. But he stated that he got onto the outside platform of the car, went in the door and was starting down the aisle when the car started with such force or suddenness as to cause him to rush forward three or four seats, where he caught hold of one and seated himself. He then stated that the car, after running a distance, was brought to a stop and he saw that deceased was lying upon the street. His statement as to the distance the car ran, was not definite. He thought it was from thirty-five to fifty feet, but that it might have been one hundred feet. Many questions were propounded to the witness to ascertain the character of the starting of the car, whether it was sudden, violent or unusual. He stated that he very frequently had known the cars to be started with as much force and suddenness as on this occasion, but that he thought they were oftener started with less violence.

It seems manifest that no case was made for the plaintiff and that the trial court's first impression was the correct one. The witness last referred to did not see deceased after they started for different cars, and he knew nothing whatever as to what caused him to fall. He could not have testified that deceased got upon the car at all. He testified to a sudden starting, which might have been the cause of one falling who was in certain position in attempting to board a car. But the evidence introduced by plaintiff has not left it neces-

sary to deal in uncertainties or probabilities. A witness, whose veracity is vouched for by her, saw how the affair occurred, and there is nothing of any substance, to contradict her or to show that she was mistaken. The nature of her testimony is such that there is no reasonable ground for a suggestion that she could be mistaken. She is either not worthy of belief, or the accident happened substantially as she described it; that is, in short, that deceased had become seated in the car and then, after it was under way, he undertook to change his seat, encumbered as he was by the easel and frame, by getting onto the footboard and moving sidewise further down the car.

Allowing to the fullest in plaintiff's favor the evidence that the car started up with great force and suddenness, yet that is not shown, even by any reasonable inference, to have been the cause of the misfortune to plaintiff's husband. Even where the evidence permits an inference of negligence, but just as reasonably permits an inference of a cause which is not negligence, no case is made. [McGrath v. St. Louis Transit Co., 197 Mo. 97.] But here there is no room nor necessity for indulging in inferences, since plaintiff herself has affirmatively shown the cause of the mishap and that cause was clearly deceased's negligence. The evidence of the sudden starting of the car and other circumstances shown, have no connecting cause with deceased's fall from the car. It is said in Benedick v. Potts, 88 Md. 52, "that direct proof of negligence is not necessary. Like any other fact, negligence may be established by the proof of circumstances from which its existence may be inferred. But this inference must, after all, be a legitimate inference and not a mere speculation or conjecture. There must be a logical relation and connection between the circumstances proved and the conclusion sought to be adduced from them. This principle is never departed from, and in the very nature of things it never can be disregarded."

We have considered the theory advanced by plaintiff and the suggestions and inferences in support thereof, but notwithstanding these, we are fully convinced that no case was made, and the order for new trial will therefore be reversed and the cause remanded with directions to enter judgment for defendant on the verdict.

All concur.