EDITH LAPPIN v. ALBERT PREBE and FRED PREBE, Copartners, Doing Business as PREBE & SON, Appellants.—131 S. W. (2d) 511.

Division Two, September 12, 1939.

*Harry Carstarphen* for appellants.

*Gray Snyder, Robert L. Jackson* and *Ben Ely* for respondent.

BOHLING, C.—This is an appeal by defendants Albert and Fred Prebe, father and son, engaged as partners in a trucking business, from an order sustaining plaintiff's, Edith Lappin's, motion for new trial in an action for $10,000 damages for the alleged wrongful death of her husband, R. C. Lappin. ■ The court assigned error in the giving of instructions on behalf of defendants as the ground for new trial. Defendants' principal contention is that plaintiff failed to make a case. Of course, a defendant's instructions do not prejudice a plaintiff who has no case. [Traner v. Sphalerite Mining Co., 243 Mo. 359, 370(a), 374, 148 S. W. 70, 72(a), 74, Ann. Cas. 1913C, 949, 952(a), 953; Shroder v. Barron-D. M. Co. (Mo.), 111 S. W. (2d) 66, 67[1].]

The accident occurred on Federal Highway No. 61 in the city of Hannibal, Missouri, on what is known as McMasters Avenue, about 8:55 P. M., April 23, 1936. McMasters Avenue is a three-lane concrete highway, extending north and south, with a gravel shoulder approximately three feet wide on the west side of the highway, having State Highway Commission's signs at what is known as the "Ritz" corner directing motorists to "keep in the outside lane except when passing" and pedestrians to "walk on the left side of pavement," and with a sidewalk extending south on the east side of the highway.

Defendants' motor equipment was a Chevrolet tractor and Keystone trailer, adapted to the transportation of live stock, and was being operated by Fred Prebe in a southerly direction.

Mr. Lappin, a man 51 years of age, earlier in the evening had been to the home of Clarence Houser, who lived two miles south of the junction of Highway No. 61 and what is known as the Clear Creek road, a farm-to-market road, passing the Houser home. He left the Houser home at 8:30 P. M. or a little later, walking toward Hannibal.

Proceeding south from the junction of the Clear Creek road and Highway No. 61 it is about a block to the Ritz, described as a night club, and a half mile farther south to the scene of the accident. The highway, for vehicles proceeding toward Hannibal, has a curve to the right as it approaches the Ritz and is straight from the Ritz to the scene of the accident.

Plaintiff's theory of the case, as disclosed by her petition, is that Mr. Lappin was walking south along the west shoulder of said highway and that Fred Prebe so negligently operated the tractor-trailer as to permit a part thereof to project beyond the pavement and over onto said shoulder and strike and injure Mr. Lappin, from which injuries Mr. Lappin died April 27, 1936.

Plaintiff relies upon witness Verl L. Darnell to make a case. Defendants' witnesses do not aid plaintiff's case. Mr. Darnell caught up with the Prebe tractor-trailer several miles out of Hannibal on Highway 61 but made no attempt to pass. He testified the speed

of the truck never exceeded thirty miles an hour; that it slowed down around the curve, and was traveling about twenty miles an hour at the scene of the accident. The street lights, spaced at distances of two hundred to three hundred feet, were burning, as were the lights on the Prebe tractor. He saw no one on the highway, or on the side or top of the trailer, or attempting to board the trailer at any time, or fall or jump off the trailer. He was watching the road as he came around the Ritz corner. ''I was not studying this truck to see if somebody was getting on it.'' He was not looking at the top; could not see what was on top of the trailer. His attention was first attracted by a flash of light about three or four feet above the ground, and two feet west of the pavement, as if someone had thrown a cigarette or cigar away; and then noticed an object on the highway, the heighth of which he placed at three feet, slump on the ground at the edge of the west shoulder of the highway. ''I couldn't say where the object came from that I saw.'' He placed the west rear dual wheels at that moment eighteen to twenty-four inches from the edge of the pavement, and his car from one hundred to one hundred fifty feet back of the trailer. Immediately after the accident he, as did Prebe, stopped and returned to the scene. He testified that Mr. Lappin's body was on the shoulder, his head six inches west of the pavement; that Mr. Lappin's left shoe was off and there was blood on his left foot.

The injuries received by Mr. Lappin were a very bad chest injury on the right side; a bad cut on his left foot—multiple lacerations; and a few small scratches and abrasions about the head and face. The X-rays revealed multiple fractures of the right ribs; skull: negative for fracture; cervical spine: negative for fracture. He never regained consciousness after the accident.

Uncontradicted testimony established that the Chevrolet tractor was five feet nine inches wide at its widest point and its headlights were ''okay;'' that there was a space of about eighteen or twenty-four inches between the cab and the trailer; that the trailer body was nineteen feet long, seven feet ten inches wide and six feet four inches high, extending ten feet four inches above the ground and approximately three feet above the cab of the truck. It was constructed of slats—boards—about four inches wide, with a space between the boards of two to four inches, the tops being secured by a chain. It had no roof. The trailer protruded four inches beyond the dual wheels. Its clearance lights included lights at the top to the rear of the cab. The corners of the trailer were of sheet metal and rounded. The front part of the trailer had a double deck. The top deck was loaded with hogs and calves, and a steer, and possibly a few hogs, were on the lower deck. After the accident the only mark on the tractor or the trailer was a dent in the sheet metal of the trailer at the right front corner, approximately five feet six or seven inches above the ground.

The following is a narrative of some facts established by Fred Prebe and Maurice Parrish who were in the cab of the tractor. Cars and people were at the Ritz corner. The tractor-trailer passed that corner at about ten miles an hour. They had no knowledge of any one boarding the trailer. At the scene of the accident they heard a noise back of the cab and near the top of the trailer, and a shadow was reflected into the cab by something passing between the clearance light on the top right front of the trailer and the rear window of the cab.

■ Williams v. Kansas City So. Ry. Co. (Banc), 257 Mo. 87, 112, 165 S. W. 788, 794[1], 52 L. R. A. (N. S.) 443, states: ". . . on demurrer a defendant's testimony (where contradicted) is taken as false; a plaintiff's (where not self-evidently perjured or opposed to the physics of the case) is taken as true. . . . 'The party demurring admits the truth of the testimony to which he demurs, and also those conclusions of fact which a jury may fairly draw from that testimony. *Forced and violent inferences he does not admit;*' (italics are ours) 'but the testimony is to be taken most strongly against him, and such conclusions as a jury might justifiably draw the court ought to draw.' [*Per* MARSHALL, C. J., in Pawling v. U. S., 4 Cranch, 219 . . .]"

■ In cases where the evidence tends to support equally either of several inconsistent factual inferences, some of which result in a failure of proof of defendant's actionable negligence, the factual issue or issues essential to plaintiff's case may not be said to be established by legitimate proof. [Grindstaff v. J. Goldberg & Sons Structural S. Co., 328 Mo. 72, 80, 40 S. W. (2d) 702, 705[8], quoting McGrath v. St. Louis Transit Co., 197 Mo. 97, 104(I), 94 S. W. 872, 874(1) and citing Fowler v. Santa Fe Elevator Co., 143 Mo. App. 422, 426, 127 S. W. 616, 617; Quisenberry v. Metropolitan St. Ry. Co., 142 Mo. App. 275, 281, 126 S. W. 182, 183; Pennsylvania Railroad Co. v. Chamberlain, 288 U. S. 333, 339, 53 Sup. Ct. 391, 393, 77 L. Ed. 819, 823[3]. Consult State ex rel. v. Trimble (Banc), 322 Mo. 318, 322(III), 18 S. W. (2d) 4, 5[7-8]; Kapros v. Pierce Oil Corp., 324 Mo. 992, 1001 et seq., 25 S. W. (2d) 777, 781 et seq.

"Facts necessary to sustain a recovery in a civil case may be proven by circumstantial evidence, but the facts and circumstances proven must be such that the necessary facts to support a verdict may be inferred and must reasonably follow. Such evidence must exclude guesswork, conjecture, and speculation as to the existence of the necessary facts." [Bates v. Brown Shoe Co. (1938), 342 Mo. 411, 418[1], 116 S. W. (2d) 31, 33[1].]

Pennsylvania Railroad Co. v. Chamberlain, 288 U. S. 333, 341, 53 Sup. Ct. 391, 394[4], 77 L. Ed. 819, 823[4,], states: "And, as stated by the court in George v. Missouri Pac. Ry. Co., supra [213 Mo. App. 668, 674, 251 S. W. 729, 732[2]], 'It is well settled that where plaintiff's

case is based upon an inference or inferences, the case must fail upon proof of undisputed facts inconsistent with such inferences.' '' [State ex rel. v. Hostetter (Banc), 342 Mo. 341, 343 [1, 2], 115 S. W. (2d) 802, 803 [1-3] and State ex rel. v. Hostetter (Banc), 126 S. W. (2d) 1164, 1165, and cases cited in said cases; Burge v. Wabash Railroad Co. (Banc), 244 Mo. 76, 95, 148 S. W. 925, 930; Rashall v. St. Louis, I. M. & S. Ry. Co., 249 Mo. 509, 522, 155 S. W. 426, 430; Brown v. Brown, 237 Mo. 662, 668(III), 141 S. W. 631, 632(3).]

■ All witnesses testifying on the subject and having a view of the highway in front of the Prebe truck, three in number, said there was no one ahead of the Prebe vehicle on the highway, or its west shoulder. No witness testified that Mr. Lappin. was walking along Highway No. 61. Darnell did not testify that any portion of the trailer projected over onto the shoulder. Plaintiff's argument that it may be assumed from Darnell's testimony that Mr. Lappin was on the highway or shoulder thereof in front of the truck-trailer is mere speculation in view of the position of the Prebe and Darnell vehicles, the fact that the highway was straight for a half-mile north of the accident, Darnell's testimony that he was watching the road and couldn't see where the object came from, and his limited scope of observation. [Consult Southern Ry. Co. v. Walters, 284 U. S. 190, 194, 52 Sup. Ct. 58, 59, 76 L. Ed. 239, 242.]

Defendants' evidence supplies certain voids in plaintiff's evidence. With a straight road and the rear dual wheels eighteen to twenty-four inches from the edge of the pavement and an over-hang on the trailer of only four inches beyond the wheels, it is apparent that no part of the tractor-trailer projected over onto the shoulder. Had the wheels of the trailer been proceeding along the shoulder eighteen to twenty-four inches west of the pavement, the reasonable deduction is that the wheels of the trailer would have passed over Mr. Lappin's body. The injuries to Mr. Lappin's right chest and absence of injuries to the left side of his body and the height of the dent in the sheet metal from the corner are inconsistent with Mr. Lappin being struck while walking south along the shoulder. The space between the slats of the trailer were sufficiently large to insert one's foot. His left foot was cut, not mashed, and the shoe was missing.

Actionable negligence was not legally established. The order granting a new trial is reversed and the cause remanded with directions to reinstate the verdict for defendants and enter judgment accordingly. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.