JAfKSON, J.
The questions arising in this case are substantial.y, 1st, whether the defendant was liable on this bond for the nonperformance of any award to be made by the arbitrators; and, 2dly, whether the award set forth in the pleadings is in pursuance of the submission.
The bond declared on is written as if to be executed by three, as joint and several obligors; but it is executed by * only two of them. It is nevertheless a valid bond, and [ * 445 ] effectual against the two by whom it was executed.
If there had been any agreement or condition, at the time, that it should not be delivered as their deed, unless the third person named as obligee should also execute it, this would show that it was only delivered as an escrow; and the defendant might have proved that fact under a plea of non est factum. (3), (a) But there is no such plea in this case, nor any suggestion of that kind; and we must take it, on these pleadings, that the due execution of the bond by the defendant is admitted.
The bond, then, being valid and effectual against the defendant, there is no doubt that the arbitrators might have made an award, which the defendant would be bound to perform ; and we are next to determine whether the award set forth is of that description.
The award cannot be good, unless it pursues the submission, and the submission, as it appears on this record, may be susceptible of two different constructions: First, it may be considered as a submission of the plaintiff’s demands against the three persons named in the bond; or, secondly, that his demand, arising from tort, and being therefore servable, is severed in consequence of the third person’s not having executed the bond; so that the demand submitted is against the two obligors only; and not, as originally contemplated, a joint demand against all three. On this last con struction the award would be clearly good, as it determines that the two obligors shall pay the sum in question, in full of the damage mentioned in the bond. But we are inclined to adopt the other construction, as more conformable to the written agreement, and to *440 the apparent intent of the parties. In this view, the defendant and his co-obligor will be considered as bound for themselves, and in behalf of Josiah Whittemore.
There is no doubt that one man may bind himself to perform an award in behalf of another; and he will be personally liable on his bond, if the award is not performed. The two obligors [ * 446] in this case must be considered as intending # and consenting to bind themselves in this manner with respect to Josiah W. It is difficult to give any other construction to the instrument, consistently with honest and fair dealing on their part. They delivered the bond as their deed, without any reserve or condition that it should be of no avail if not signed by Josiah W. They must have understood at the time, and also when they met the plaintiff before the arbitrators, that he considered them bound to perform the award ; and they saw him accordingly go on upon this supposition to prove and establish his claims. If during all this time they had in their minds a secret objection, by which they would avoid the award, if unfavorable to them, and, if otherwise, intending to hold him to perform it, — such conduct would be highly disingenuous, and even fraudulent, on their part, and is not to be presumed. We must suppose that the defendant believed that he was bound to perform whatever award should be lawfully made pursuant to that instrument.
There is nothing unreasonable or forced in supposing that it was at first expected by all parties that Josiah W. would sign the bond, and that, when, from his absence or refusal, it was found that his signature could not be obtained, the other two agreed that they would pay whatever should be awarded. This would not increase the responsibility of the two obligors, whether the plaintiff’s demand were founded on contract or on tort. In either case, they were already, in .effect, jointly and severally liable for the whole sum due ; as the plaintiff, on obtaining execution for the amount of his demand, might have levied it on the property of each and either of them. And, further, as by the bond itself the obligors were to be bound jointly and severally, even if Josiah W. had executed it, each of the other obligors would be liable, as they now are, to be sued for the whole amount of the award. On the other hand, as it respected the plaintiff, he might well consent to accept the bond when signed by two only, if he was satisfied of their liability to pay whatever should be awarded against the whole. In | * 447 ] confirmation of this construction of the instrument, * it is to be observed that it is recited in it that the plaintiff had a demand against all three of those persons, and that they, on *441 the one part, and he on the other, had agreed to submit the demand in this 'manner.
But without relying on that strictness, this may be considered as the common case of an agent or attorney binding himself for his principal. In Bacon vs. Dubarry, (4) and also in Cayhill vs. Fitzgerald, (5) which were cited in the argument for the plaintiff, there is no recital nor averment that the principals had previously agreed to submit to the award; nor does it appear that there ever was such an agreement, except what is contained in the bond executed in each case by their respective agents. Such an agent, when afterwards sued on his bond, would of course be precluded from objecting that he had not been duly authorized by his principal, and that there was no valid agreement by the parties to submit their disputes to the arbitrators.
We are therefore satisfied that the matter submitted in this case was the demand of the plaintiff against the three other persons named in the bond; and that the defendant and his co-obligor were bound for themselves, and in behalf of Josiah W., for the performance of any award that should be duly made pursuant to the submission as thus understood, (a)
The question now recurs, whether the award is of this description. In the bond, a specific demand of the plaintiff against the three other persons is said to have been submitted; and the condition is to abide by the award, and pay what shall be awarded against them in the premises. It is objected that this is an award against two only. When one man is bound in behalf of another for the performance of an award, it is not unusual to award that the obligor shall pay, instead of his principal; and such awards are considered good, provided it sufficiently appears that the money to be paid was due from the principal, and was awarded on account of the demands against him, which were submitted to the arbitrators. In the case before cited, of Cayhill vs. Fitzgerald, the award was of that kind; and it was adjudged * good, [ * 448 ] because it appeared that the award was of the demands against the principal which had been submitted, and the money was to be paid in full of those demands. In the case of Bacon vs. Dubarry, the award was adjudged bad, because it did appear that the defendant was to pay the money in behalf of his principal; and the presumption to that effect, which might have arisen, was negatived by the release being awarded to the use of the defendant, and *442 not of his principal. But it was resolved that the award would have been good, if it had appeared in it that the arbitrators found such a sum due from the principal, and then awarded that the attorney should pay it; or if they had awarded the payment by the attorney, the obligor, in full satisfaction of all demands against his principal; or evtín if the award had been expressed to be “ of and upon the premises submitted.”
The award in the present case leaves no doubt on this point. The two obligors are to pay to the plaintiff the sum awarded, in full of his damages mentioned in said bond. If the defendant and his co-obligor had been entirely unconnected with the original transaction, and had merely executed such a bond as agents or sureties for the parties concerned, an award in this form would have been good, and a payment under it would have discharged the parties originally liable. It is very clear that their concern, as parties in the case, has no tendency to exonerate them as sureties, or agents, voluntarily bound for another who was connected with them.
The case, in short, amounts to this: The plaintiff had a demand against three, which it was agreed to submit to arbitration. Two of the debtors bind themselves, jointly and severally, to pay what shall be awarded to the plaintiff on account of that demand. The award is made expressly on account and in full of the same demand ; and the defendant is of course liable to pay it.
Nor is there any hardship upon the defendant. If he undertook, without authority from Josiah W., to submit the demand. and to bind himself in his name, he cannot complain [ * 449 ] * when required to fulfil his engagement. If Josiah W. agreed to the submission, and that the others should be bound in his behalf, there seems to be no doubt that he will be liable to contribute his just proportion; that is, to pay what his agent, at his request, has paid for him; even although the original demand were founded in tort. If the demand was founded in contract, Josiah W. must repay all that he justly owed to the plaintiff, and which the defendant shall pay for him, even though he did not assent to the submission. But in this latter case, he will not be concluded by the award, as to the amount justly due from him.
As to the objection, that the arbitrators had no authority to award the three dollars for expenses, we must understand that this was for expenses paid by the arbitrators themselves, as in travelling to view' the premises, or for the room in which they met, or for some other little charges. There is no appearance of its having been incurred by the plaintiff in prosecuting his suit. The arbitrators had a right, by the bond, to award the payment of their own fees, as. it is there expressed. This word could not have been used in its *443 strict or technical meaning, as in that sense it would be inapplicable to the subject. It must have included all just and necessary charges of the arbitrators. If they had awarded fifteen dollars and fifty cents for their fees, and it had appeared, in a bill of the fees, that three dollars were for expenses paid by them, and the residue for their services, we should not have doubted their authority. The only difference is, that here they specified the items of their fees or charges in the award itself.
There must be judgment for the plaintiff on both the issues in law.
ADDITIONAL NOTE.
[See Stratton vs. Mason, 15 Pick. 508. — F, H.]

 2 B. & P. 338.-4 Cranch, 219.

 [Johnson vs. Baker, 4 B. & A 440.—Ed.]

 1 Lord Raym. 246. — See also the pleadings in this case in 3 Lord Raym. 241

 l Wills. 28, 58.

 [Adams vs. Bean, 12 Mass. Rep. 137. — But see Bean vs. Parker & Al. 17 Mass. Rep. 605, contra. — Ed]