*586
By the Court,

Cowen, J.
The. main difficulty in this case arises from the accidental omission of the defendants to affix their seals to the, instrument in question, which bears, in other respects, the form of a common bond conditioned that Gilmore should pay the debts due from a previous firm consisting of .himself and the plaintiff. The intent is entirely plain, and the instrument might have been declared on as a promise that Gilmore should relieve the firm of its debts.
It was drawn with the name of Gilmore inserted in the 'body as one of the obligors;- and he not having signed, this is alleged as evincing an incomplete execution of the instrument—an intent that it should not be considered as executed till his name was added. It is entirely clear, however, that the objection is by no means conclusive. The other promissors might all have intended to be bound without him; and there is nothing in the form of the instrument to prevent its haying effect without his name. The circumstances of the case, as derivable from Gilmore’s evidence, were sufficient to have warranted the jury, in case the question had been submitted to them, in believing that such an effect was intended. Indeed, it has I see been ho]den in a late case that a signer cannot insist on a contrary intent as qualifying the execution,. unless it appear he declared at the time of signing that he would not be bound without the signatures of others "named in the bond. If he execute it generally without such declaration, he shall be holden though he stand alone. (Haskins v. Lombard, 4 Shepl. 140.) About the same distinction had been before held in Cutter v. Whittemore, (10 Mass. Rep. 442,) and Scott v. Whipple, (5 Greenl. 336.) See Johnson v. Baker, (4 Barn. & Aid. 440,) and Leaf v. Gibbs, (4 Carr, & Payne, 466.) (a)
*587 But the paper is a mere guaranty; and the only consideration recited in the condition is, that Gilmore and the plaintiff having been partners, “ said Gilmore has purchased of the said Parker all his interest,” &c. and “ has agreed to pay off all the debts,” &c. It was insisted in argument that though this be the mere expression of a past consideration, yet there is room to infer a request from the defendants. If the recital were at all ambiguous in this or any other respect, the difficulty might, according to the modern cases, be cleared up by extrinsic evidence. (Haigh v. Brooks, 10 Adolph. & Ellis, 309.) But I do not see that it is. The instrument speaks in the perfect tense, neither mentioning any request, nor presenting a case in which we can infer that there was one from these defendants. They do not appear in any way to have had an interest which would have led them to make a request. We were not pointed on the argument to any other part of the instrument importing a consideration; nor do we see any.
We may regret with counsel that, under the circumstances, with adequate funds in the hands of the defendants or some of them, the plaintiff should fail for want' of a mere formality. But we see no method of relief consistently with the rules of law.
New trial denied.

 Further as td the rule on this subject, with its qualifications, see United States v. Leffler, (11 Peters' Rep. 86;) Pawling and others v. The United States, (4 Cranch, 219, 221;) Police Jury v. Haw, (2 Mill. Lou. Rep. 42, 48.)