## Grim et al. versus School Directors of Jackson Township.

1. The possession by the obligee of a bond drawn for the signatures of four, three being sureties of the fourth, signed only by the principal and two sureties, is *primâ facie* evidence of its delivery.

2. In the absence of any fact going to contradict the words " *signed, sealed and delivered,*" at the close of a bond, they must be taken as declaring the truth, and the bond is complete as regards any who signed it.

ERROR to the Common Pleas of *Greene county*.

This was an action of debt by the School Directors of Jackson township (Greene county) against Harvey Grim, James Wood and Samuel P. Bayard, on a bond in the usual form:—" That we, Harvey Grim, *John Hunnell*, James Wood and Samuel P. Bayard are" bound in $1200; conditioned that Grim would collect and pay over $614.17, the amount of a duplicate for school-tax. A seal was left for Hunnell's name, but the bond

was not signed by him. It was signed by the others, and found in the possession of Hunnell,—who, at the time of its execution, was president of the school board,—by the succeeding president. At the time of its execution the sureties were school directors.

A verdict was rendered against defendants for $559.29.

The court (Ewing, P. J.) charged the jury " that the possession of the bond by the plaintiff was *primâ facie* evidence of delivery, and that the presumption was that the delivery was the voluntary act as well of the sureties and each of them as of the principal; and that this view must prevail unless the contrary appeared in evidence. And that if so delivered, it was to be presumed that it was a complete and finished instrument, and was so considered by the parties, unless the delivery was accompanied with some condition or reservation."

The defendants excepted to the charge, and removed the case to the Supreme Court.

*E. M. Sayers*, for plaintiffs in error.—As the bond appears to have been intended for Hunnell's execution, the directors should prove that the other sureties agreed to be bound without his signature: Sharp *v.* United States, 4 Watts 21. A bond intended to be executed by several is not good against one only: Bean *v.* Parker, 17 Mass. 605; Fertig *v.* Bucher, 3 Barr 311.

*Wyly* and *Buchanan*, for defendants in error.—If school directors fail in their duty, they become personally liable: Township of Dickinson *v.* Linn, 12 Casey 431. The point of law decided by the court is right: Keyser *v.* Kern, 5 Harris 327; Cutter *v.* Whitmore, 10 Mass. 442–5; Adams *v.* Bean, 12 Id. 137. Sharp *v.* United States, 4 Watts 21, was on an official bond under an act *requiring two sureties.*

The opinion of the court was delivered, January 15th 1866, by

Thompson, J.—This is the case of a joint and several bond, prepared for signature by four persons named, but signed by three only. Is the absence of the name of the fourth *per se* a defence against payment by the three ? The possession of the bond by the school directors was *primâ facie* evidence of delivery in the opinion of the learned judge, and we think he was right. The words " signed, sealed and delivered" appear at the close of the instrument, and although words of form, yet are not without substance, and in the absence of any fact going to contradict the formal declaration, it must be taken for truth, the bond being in the hands of the party entitled. There was no promise that all should sign who were named on it, before it should be delivered, as in Fertig *v.* Bucher, 3 Barr 308; nor was there any law requiring any number of obligors, as in Sharp *v.* The United

States, 4 Watts 26, so as to give assurance that if all did not sign, the obligation would not be operative. It was simply a bond, good if the security was sufficient, without any specific number of sureties. It was in this respect as near like the bond held good in Keyser v. Kern, 5 Harris 327, as can be, and that case rules this fully. It was a complete instrument as it regards any one that signed: 10 Mass. 442; 12 Id. 137; and there was nothing to contradict the presumption that they severally delivered it as such.

Judgment affirmed.