# Everson *versus* Fry, Trustee.

1. By articles of separation the husband agreed to pay the wife a stipulated sum monthly. In a suit for her use for a payment, evidence in defence that at the execution of the agreement he allowed her to remain till a time named in his house, that she refused to leave at the end of the time, and the value of the use of the house, was admissible as set-off to her allowance.

2. A set-off is to be regarded as if it were a separate action by the defendant against the plaintiff.

3. Evidence of a parol agreement contemporaneous with a writing and collateral to it, although the writing may be the consideration, is admissible in evidence as showing a set-off to the claim under the writing.

November 11th 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county:* No. 16, to October and November Term 1872.

This was an action of assumpsit brought June 6th 1870, by Henry C. Fry, trustee of Minerva Everson for her use against

[Everson v. Fry.]

Richard Everson, the husband of Minerva Everson, to recover the amount claimed to be due her under articles of separation as follows:—

" This indenture of three parts, made the 30th day of September, A. D. 1869, between Richard Everson, of, &c., of the first part, and Minerva Everson, his wife, of the second part, and Henry C. Fry, of, &c., trustee of the said Minerva Everson, of the third part.

" Whereas divers disputes and unhappy differences have arisen between the said party of the first part and his said wife, for which reason they have consented and agreed to live separate and apart from each other during their natural lives.   Therefore this indenture witnesseth, that the said party of the first part, &c., doth hereby covenant, &c., *with the said trustee,* and also with his said wife, that it shall and may be lawful for her, * * * to live separate and apart from him, * * * that all the articles of clothing of said Minerva Everson, household goods, furniture, &c., now in the house occupied by said parties, except the parlor furniture, &c., shall remain in the custody of his said wife, so long as she shall live free from any interference therewith on his part, and that he will not claim or demand at any time hereafter any property of any kind which may be devised to her or which she may hereafter acquire, and that she shall and may enjoy and absolutely dispose of such after-acquired property as if she were a *feme sole* and not married; and further, that he shall and will well and truly pay or cause to be paid unto her, his said wife, for and towards her better maintenance and support, the yearly sum of six hundred and thirty dollars, in monthly payments of $52.50 each, until the youngest child shall be of age, after which time the payments to her shall be regulated as hereinafter provided.   In case she should sooner die, all payments are to cease.   From said monthly payment of $52.50 for each child that shall die or leave her custody, or become of age, there shall be deducted the sum of ten dollars, and after all the children shall become of age, or shall go to live with their father, or in case of the death of all of them, then the amount to be paid to the said Minerva Everson shall be determined by three disinterested parties, * * * the award of a majority of whom shall be final and conclusive, and the amount so fixed shall be paid to the said Minerva Everson during the residue of her natural life.

" And the said Minerva Everson agrees to accept the provisions hereinbefore made for her, and that she will not at any time hereafter in any manner annoy or interfere with the said Richard Everson at his separate home, * * * and in consideration of the said provision she releases any and all right of dower which she has or may have in the estate real and personal of her said husband, and agrees that upon request made she will * * * sign,

[Everson *v.* Fry.]

acknowledge and deliver such quit-claim as may be necessary effectually to bar any such right. * * *

" And it is further stipulated that if the said Minerva Everson should at any time refuse or fail to comply with any of her covenants herein made, such refusal shall work a rescission of this agreement, and the said Richard Everson shall no longer be bound to pay her the amount hereinbefore provided, and the said trustee * * * agrees that the said Minerva Everson shall faithfully comply with each and all of her covenants herein made."

The defendant filed an affidavit of defence " that Mrs. Everson agreed to vacate the house occupied by her in consideration of the agreement upon which this suit is brought, as soon as she could get a house, and that she would make diligent efforts to get one, and said defendant then agreed that if she would do this she might have the house free of rent till January 1st 1870. . Affiant says that said Mrs. Everson never attempted to get a house, as she was bound to do by her agreement, and therefore claims that she is liable to defendant for the rent of said house from October 1st 1869, being about the date of said agreement ; that as affiant is informed and believes said house would rent for about $25 or $30 per month, and she has occupied it for a period of eight months up to June 1st 1870, making a rental due by her of at least $225." * * *

The defendant pleaded

" Covenants performed, *absque hoc,* &c., &c., payment with leave, &c., and the special matter contained in affidavit of defence."

On the trial of the case, September 29th 1871, before Stowe, J., the defendant made the following offers of evidence :—

1. " That at the execution of this agreement it was agreed by Henry C. Fry and Minerva Everson that she should leave the premises then occupied by her, and surrender them to defendant on or before January 1st 1870, and that defendant has demanded possession thereof and compliance with said agreement, and that she has failed and refused to comply therewith and to deliver possession to said defendant as she was bound under said agreement to do."

2. " To ask the witness on the stand (Richard Everson) whether or not it was agreed that Minerva Everson should not reside in the house in which she resided at the time of the execution of the agreement of separation longer than January 1st 1870, and that she was to remove from said house sooner than said first day of January 1870, if she could obtain a house ; that she still remains in said house against the consent of witness, who is the owner of the house, and that though repeatedly called upon by and for him to vacate said house, she has always refused to do so."

The offers were objected to by the plaintiff for the reason that

[Everson v. Fry.]

there is no such agreement or stipulation contained in the articles of agreement sued on: and that the offers are to contradict the terms of the written agreement by parol evidence.

The court rejected the offers and sealed bills of exceptions.

The court charged:—

"The jury are instructed that if they believe that this paper in evidence was signed by the parties as alleged, and not denied by defendant, plaintiff is entitled to recover the amount specified to be paid them, less the amount paid up to the time suit was brought, less the value of the property she is alleged to have kept, and which she should have allowed defendant to have."

The verdict was for the plaintiff for $227.85.

The defendant took a writ of error and assigned for error the rejection of his offers of evidence.

*J. S. Ferguson* (with whom were *Weir & Gibson*), for plaintiff in error.—Agreements of separation are valid: Hutton v. Duey, 3 Barr 100; Dillinger's Appeal, 11 Casey 357.

*W. W. Thompson* (with whom was *D. Reid*), for defendant in error.—A writing cannot be varied by parol evidence: Harbold v. Kuster, 8 Wright 392; Heebner v. Worrall, 2 Id. 376; Lloyd v. Farrell, 12 Id. 73.

The opinion of the court was delivered, November 22d 1872, by

SHARSWOOD, J.—This was an action instituted by the plaintiff below as trustee upon articles of separation between Richard Everson and himself for and on behalf of Minerva Everson, the wife of the said Richard Everson, to recover arrears of the stipulated allowance therein agreed to be paid by the husband for the support of his said wife during the separation. The defendant pleaded among other things the special matter set up in his affidavit of defence filed in the cause, and, upon this with other pleas, the parties went to trial. The matter referred to was that it was agreed that the wife should vacate the house then occupied by her belonging to the defendant, on the first of January following the date of the articles, up to which time she was not to pay any rent, but that she refused to leave the premises, and continued to occupy them subsequent to that time—and in consequence the defendant claimed as a set-off a reasonable rent for such occupancy. This was the substance of the affidavit. Had it been pleaded in form it would have been a special plea of set-off. After the plaintiff had given in evidence the articles of separation and closed his case, the defendant made two separate offers to prove this agreement and its breach—in the first stating it as an agreement by the plaintiff and the wife, and in the second as an agreement generally without saying between whom. We do not consider this dif-

[Everson *v.* Fry.]

ference in the offers material, as it is necessarily implied in the last offer that the agreement was between the parties to the suit, and that therefore Henry Fry, the trustee, was one of the parties. The learned judge below rejected both the offers on the ground, it would seem, that it was an attempt to vary the terms of the written contract. In this we think there was error.

It is to be observed that a set-off is a counter claim, and is to be regarded in all respects as if it was a separate action by the defendant against the plaintiff. If the husband in this case could have recovered in an action against Fry upon the evidence here offered, and rejected, it is clear he could avail himself of it as a set-off against Fry's demands in this action. The offers were to prove a parol contract; it may be cotemporaneous but nevertheless altogether separate from and independent of the articles of separation. It did not vary or contradict any one of the stipulations contained in the articles, but was entirely consistent therewith. In the written contract Everson agreed that it should be lawful for his wife to live separate from him wherever she might choose, and that he would not molest her. He did not agree to furnish her with a house to live in, but it is a necessary implication that the annual sum he agreed to pay to her was to be in full of all demands by her upon him, and the trustee expressly covenants to indemnify the husband against all debts which the wife might contract. The rule which excludes parol evidence to contradict or vary a written instrument does not apply to such a collateral agreement, even though it may be founded upon the consideration of the writing. In Weaver *v.* Woods, 9 Barr 220, it was decided by this court that where a written contract is executed for a consideration therein mentioned, a party is not concluded in an action for the breach of a parol contract from showing that the agreement evidenced by the writing was the consideration for the cotemporaneous parol contract. As we have seen, the same rule applies to a set-off as to an action. It follows that if the proof sustained the offer, Fry was liable in damages to Everson for the breach of the contract, and the measure of damages would be the rent which could have been obtained by Everson for the house so occupied by the wife.

Judgment reversed, and *venire facias de novo* awarded.