## E. D. Yohn v. William Shumaker, Appellant.

*Principal and surety—Opening judgment.*

Where a contract of suretyship in the shape of a judgment note is materially altered by the act of the plaintiff so that the rights of the surety are materially affected, a motion to open the judgment will prevail.

*Opening judgment—Principal and surety—Question for jury.*

It is alleged on a motion to open judgment that defendant signed a note as surety and delivered same to plaintiff with the understanding that the principal was to sign; subsequently the principal refuses to sign, when by the act of the holder of the note, the entire nature of the obligation is changed and it is entered of record as a judgment against him as principal. *Held,* that the credibility of these statements and the proof of the fact alleged should have gone to the jury and the judgment should have been opened.

Argued March 10, 1897. Appeal, No. 4, March T., 1897, by defendant, from order of C. P. Perry Co., April T., 1895, No. 73, discharging rule to strike off judgment. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ. Reversed.

Petition to strike off judgment. Before BELL, P. J., of the 24th judicial district, specially presiding.

The facts sufficiently appear in the opinion of the court.

The court below discharged the rule to strike off judgment. Defendant appealed.

*Error assigned* was refusal of the court to strike off judgment or at least, to open same and let defendant into a defense.

*J. L. Markel* with him *B. F. Junkin,* for appellant.—The court below based its decision on Whitaker v. Richards, 134 Pa. 191; Sharp v. U. S., 4 Watts, 21; Keyser v. Keen, 17 Pa. 327; Simpson v. Bovard, 74 Pa. 354; Warfel v. Frantz, 76 Pa. 88; Keener v. Crago, 81* Pa. 166, which clearly rest upon the principle that if one sign a surety on a bond and deliver it, without a stipulation, that it shall be inoperative until others

sign it, leaves it effective as against those who do sign it. We agree to this, but our case is quite different.

*J. M. Barnett*, of *Barnett & Son*, for appellee.

OPINION BY REEDER, J., July 23, 1897 :

Upon the hearing of a rule granted by the court below to open or strike off a judgment entered by the plaintiff against the defendant, the court discharged the rule.

It appears by the depositions filed at the time of the hearing that E. D. Yohn sold a hotel property to George B. Shumaker on the 21st day of January, 1895, for the sum of $1,275. To this was to be added whatever would be the appraised value of the liquors, cigars and stock on hand to be used in that business. Eight hundred dollars of the consideration money was to be paid by a note given by George B. Shumaker, with security. The other $475 of the original consideration money was to be added to the appraised value of the stock on hand, and a note for that was to be given with approved security, dated the 1st day of April, 1895, and payable in six months.

A note was presented to William Shumaker, the defendant, and the appellee in this case, in blank, as he was about to leave home, and could not wait until the property was appraised and the value ascertained. This note contained a warrant of attorney for the entry of judgment, as well as a waiver of exemption, and was signed in M. Barnett's office and handed by the defendants to Yohn, the plaintiff in the suit. When the note was handed by the appellee to George B. Shumaker (who was to be the principal on the note) a dispute arose, Shumaker alleging that the goods or fixtures purchased were not all delivered, and he refused to sign the note. The note was then filled up by Mr. Barnett, the attorney for Mr. Yohn, the dates being supplied, it being made payable " at once," contrary to the agreement between E. B. Yohn and the Shumakers. George B. Shumaker, who was to be the principal in the note, never signed the obligation ; but William Shumaker, whose agreement with Yohn was to become security on the note for George B. Shumaker (the note being an exemption note) signed it ; and, by the act of Yohn, without William Shumaker's consent, he was converted from security into principal upon the note.

That this was not the contract that he entered into, and that his contract was materially altered by the act of the plaintiff in the judgment, there can be no question, if his testimony is believed by the jury. That his rights were materially affected by such alteration of the contract cannot be questioned. The note was an exemption note. Had George B. Shumaker signed the note, if William Shumaker had been obliged to pay the note, he could have proceeded against George B. Shumaker, George B. Shumaker under the contract in the note having waived his exemption. As it is, if this judgment stands against William Shumaker, William Shumaker must proceed to obtain judgment, instead of being subrogated to the rights of Yohn upon the record, against George B. Shumaker. If he recovered judgment, he could only then proceed against George B. Shumaker, and George B. Shumaker would have the right to claim against William Shumaker his right of exemption which he would not have had under William Shumaker's original contract.

In the second place, the note was to be made payable in six months. As it was drawn, it was made payable "at once." That is such a material alteration of the contract that it renders the note as void as though "six months" had been originally written into it, and then had been erased by the act of the parties without the defendant's consent, and the words "at once" interlined.

The authorities relied upon by the court below, namely: Whitaker v. Richards, 134 Pa. 191; Sharp v. United States, 4 Watts, 21; Keyser v. Keen, 17 Pa. 327; Simpson v. Bovard, 74 Pa. 354, and others, do not control this case. They are to the effect that if one sign as surety on an obligation and deliver it, although there may have been an original purpose to have a number of cosureties does not relieve a surety from the obligation unless at the time of signing there is an express stipulation that he will not be bound as surety unless the others sign it as cosureties. The reason for that is clear, and has its foundation in correct legal principle. The original purpose of a number of sureties, presumptively, is for the protection of the holder of the note, for it is readily seen that a man might be willing to loan money upon the note, or accept a bond, with several sureties when he might not be willing to loan money upon the signature of any one of them. And, as all sureties

signing a bond are responsible for the entire debt, and have a right of action over against the cosureties for contribution, it is presumed that when a man assumes an obligation as surety, he is willing to assume the payment of the entire obligation in case of the failure of the principal to pay the same or meet the conditions of the bond. The law gives him ample protection, inasmuch as he can base his signature always upon the stipulation that he is not to be bound unless the other sureties agreed upon also sign the obligation with him.

Nor does the case of Loew v. Stocker, 68 Pa. 226, control this case. In that case a bond was given to indemnify the sheriff of Carbon county for selling goods under an execution. The bond was joint and several, and was signed by the principal in the bond " Jonathan Brock per his authorized attorney O. H. Wheeler." It appeared upon the trial of the case that the bond had not been executed by Brock or by his authority. A verdict was entered against the sureties upon the bond, the court first having amended by striking out the name of Brock. The jury found a verdict for the plaintiff, and this action was affirmed by the Supreme Court.

The principle upon which that case rests, although it is not clearly stated in the short opinion filed by Justice SHARSWOOD, manifestly is that where a signature of a principal purports to be upon a bond either written by himself or purporting to be written by his authority, sureties who sign the bond after him are to a certain extent guarantors of the correctness of the signature or of the fact that it was signed by his authority; and, after their acceptance of the signature upon the bond, or of the purported authority of the persons signing for him, they cannot afterwards relieve themselves of the consequences of their obligation by coming into court and pleading that it was not signed by the principal or not signed by his authority. The duty was upon them to ascertain that the signature of the principal of the bond was correctly attached to the bond before they assumed the obligation with him.

But the principles decided in the former cases have no application here, nor has the principle decided in the case of Loew v. Stocker. There was no signature to this note purporting to be the signature of George B. Shumaker after which William Shumaker signed, but the note was signed in blank by William

Shumaker and left in the possession of Yohn, to become operative against him as surety only when he had obtained the signature of George B. Shumaker to the note. The distinction between this case and Loew against Stocker is very manifest upon consideration. Here is a contract of suretyship, the defendant to be the sole surety. For the purpose of carrying out his agreement, he signs a note in blank, as surety, with the understanding that his contract is that of surety, and the principal is to sign that note. The note is left in the possession of the plaintiff to obtain the principal's signature. The principal refuses to sign, when, by the act of the holder of the note, the entire nature of the obligation is changed, it is entered of record as a judgment against him as principal—a contract that he never entered into and never intended to enter into.

Upon this state of facts, the credibility of their statements and proof of the facts alleged should have gone to the jury, and the judgment should have been opened instead of discharging the rule.

Judgment is, therefore, reversed, and the record remitted to the court below for further proceedings.