# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Bradley *v.* Holleran, Appellant.

*Principal and surety—Joint and several bond—Nonexecution by principal.*

1. A surety company is liable upon a bond which it gave although the principal did not execute the bond, where it appears from the very words of the bond itself that the bond was severable in character.

2. The failure of the principal to execute a joint and several bond does not invalidate the same as to the surety, unless there was an express agreement that the bond was not to be valid until so executed.

3. An obligation in writing reciting that one person as principal, and another as surety are held and firmly bound to a third person in a sum stated "for the payment whereof said principal binds himself, his heirs, executors, administrators and assigns, and the said surety binds himself and his successors firmly by these presents," is a joint and several obligation.

Submitted Oct. 13, 1914. Appeal, No. 16, Oct. T., 1914, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1900, No. 2,991, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Walter T. Bradley v. Maggie A. Holleran, Administrator of Estate of David J. Holleran, deceased, Principal, and Massachusetts Bonding and Insurance Company, Surety. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

2      BRADLEY *v.* HOLLERAN, Appellant.

Statement of Facts—Opinion of the Court.   [59 Pa. Superior Ct.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the facts.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Samuel M. Clement,* for appellant.—The surety is not liable: Dole Bros. Co. v. Cosmopolitan Preserving Co., 167 Mass. 481; Goodyear Dental Vulcanite Co. v. Bacon, 151 Mass. 460; Adams v. Bean, 12 Mass. 137; Bean v. Parker, 17 Mass. 591; Russell v. Annable, 109 Mass. 72; Bowditch v. Harmon, 183 Mass. 290.

*Daniel R. Rothermel* and *J. Claude Bedford,* for appellee, cited: Morrison v. American Surety Co., 224 Pa. 41; Loew v. Stocker, 68 Pa. 226; Keyser v. Keen, 17 Pa. 327.

OPINION BY TREXLER, J., February 24, 1915:

The question raised by this appeal is whether the surety company is liable upon the bond which it gave, although the principal did not execute the bond. The clause of the bond which we are called upon to construe reads as follows, "Know all men by these presents that we, David J. Holleran, of Philadelphia, (hereinafter called the principal), as principal and Massachusetts Bonding and Insurance Company, a Corporation established under the laws of the Commonwealth of Massachusetts, and having its principal office in Boston in said Commonwealth, (hereinafter called the Surety), as Surety, are held and firmly bound unto Walter T. Bradley of the City of Philadelphia, Pennsylvania, (hereinafter called the obligee), in the sum of Five Thousand Dollars ($5,000) for the payment whereof said principal binds himself, his heirs, administrators and executors, and said Surety binds itself, firmly by these presents."

We need not discuss whether the bond is joint and several. The decision of the Supreme Court in Morrison v. American Surety Co., 224 Pa. 41, definitely decides that question. The bond in that case with the exception of a few words which do not affect the matter is identical with the one before us. It was there held by Justice MESTREZAT that the words, "We are held and firmly bound" raise the presumption that the parties intended to make themselves jointly liable under the obligation, but that it is simply a presumption. The language, "the payment whereof said principal binds himself, his heirs, executors, administrators and assigns, and said surety binds itself and its successors, firmly by these presents" is held to create a severance and are amply sufficient to overcome the presumption that the obligation is a joint undertaking. The conclusion is that each in a separate capacity assumes the obligation imposed by the contract.

The appellant, however, contends further that as the principal did not sign the bond it is invalid. There is authority for holding to the contrary and that the surety is liable although as to the principal the bond is not signed. In 32 Cyc., page 42, we find the following, "In some jurisdictions a distinction is made between joint and joint and several bonds. Thus it is held that the failure of the principal to execute a joint and several bond does not invalidate the same as to the surety, unless there was an express agreement that the bond was not to be valid until so executed."

In Loew's Administrator v. Stocker, 68 Pa. 226, we find that when a joint and several bond of indemnity for selling under an execution was given to the sheriff and was not executed by the principal, a recovery could be had against one of a number of sureties who signed the bond. Justice SHARSWOOD uses the following language in that case, "Had the bond not been executed at all in the name of Jonathan Brock, although he was mentioned as one of the obligors in the body of the in-

strument, it is clear that Loew could not have availed himself of that fact as any defense. Keyser v. Keen, 17 Pa. 327, and Grim v. The School Directors, 51 Pa. 219, are authorities directly in point. It was held in those cases that no condition could be implied to the execution by each several obligor that the bond should be executed by all the persons named in it, before it became binding upon any. Being a several as well as a joint bond, it was the several obligation of each as soon as it was unconditionally delivered. If any party executing it meant otherwise it was his business to protect himself by delivering it as an escrow only, as was done in Fertig v. Bucher, 3 Pa. 308."

We think the decisions above quoted cover every point raised by the appellant and are controlling.

The judgment is therefore affirmed.