# Hanauer v. National Surety Co., Appellant.

*Principal and surety — Surety company — Mailing of bond to agent—Banks and banking—Insurance of special deposit—Parol evidence—Certificate of deposit—Contradiction of writings.*

1. Where a surety company executes a joint and several bond of suretyship to secure a special deposit in a bank, and mails it to its agent, the cashier of the bank, who, on receipt of it, deposits it in the office of the bank, and the president of the bank fails to execute it before the bank fails, the surety company will be liable on the bond to the obligee, although the bond was not executed by the principal.

2. In such case the mere fact that the signature of the principal was not actually obtained would not relieve the surety from liability, inasmuch as the bond was joint and several in its terms, and contained no provision that it should not be binding until signed by the principal.

3. The fact that such a bond by its terms covered cash deposited "in an account subject to check," will not defeat liability for loss on a certificate of deposit, when it appears by parol evidence that the amount of the deposit represented by the certificate, notwithstanding its form, was in fact subject to check payable at any time.

4. In such case the written certificate may be contradicted by oral testimony, inasmuch as it was not the basis of the suit, but only a collateral issue.

Argued January 8, 1924. Appeal, No. 8, Oct. T., 1924, by defendant, from judgment of C. P. Beaver Co., June T., 1921, No. 490, on verdict for plaintiff, in case of Sam S. Hanauer, Treasurer of Beaver County, v. National Surety Company. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on bond of suretyship. Before BALDWIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $9,452.69. Defendant appealed.

*Errors assigned* were, inter alia, various rulings and refusal of judgment for defendant n. o. v., quoting record.

*Donald Thompson,* of *Calvert, Thompson & Wilson,* with him *William A. McConnel,* for appellant.—There was no delivery of the bond prior to the closing of the bank and it was therefore void: Donaldson v. Accident & Indemnity Co., 269 Pa. 456; Park Paving Co. v. Kraft, 262 Pa. 178.

The condition of the bond covered only half the deposit: Guarantee Co. v. Bank, 183 U. S. 402; American Bonding Co. v. Pueblo Inv. Co., 150 Fed. 17.

No testimony of a verbal agreement was admissible to vary the terms of the written certificate of deposit: Lebanon Bank v. Mangan, 28 Pa. 452; Wright v. Hart, 44 Pa. 454; McQuire v. Gerstley, 204 U. S. 489; Johnson v. Stewart, 243 Pa. 485.

*Thompson Bradshaw,* of *Hice, Morrison, May & Bradshaw,* for appellee.

OPINION BY MR. JUSTICE FRAZER, February 11, 1924:

Plaintiff sued on a surety bond given him, as treasurer of Beaver County, by defendant, as surety for the First National Bank of Beaver, to recover loss of county funds deposited in that bank. There was no substantial dispute of facts in the testimony and the trial judge instructed the jury that under the evidence defendant was liable. From a verdict and judgment in plaintiff's favor defendant appealed.

Plaintiff as treasurer of Beaver County, maintained a deposit at the First National Bank of Beaver and, on February 24, 1921, a formal application for a bond covering the deposit was made by the bank to defendant, stipulating that the bond should be effective from the date of application. The request was made through Reisinger, who acted as defendant's agent and was also

cashier of the bank. The application was forwarded to defendant, who, on March 10, 1921, duly executed the obligation in question making it take effect as of February 24th, in accordance with the application and, on the same day, mailed it, together with other surety bonds, to Reisinger. The bond here sued on was in the usual form and provided it should be executed by the bank as principal. Reisinger received the instrument and placed it on his desk in the bank awaiting the signature of the president who at the time was out of town. On the day the bond was received by Reisinger an official examiner was present investigating the accounts of the bank and two days later, before return of the president, that officer notified the bank officials the institution would not be permitted to open for business the following Monday. The bond was given to one of the directors of the bank, in the presence of the examiner, who placed it in the vault and on Monday the director handed it to plaintiff without having been signed by the bank officials. The bank was found to be insolvent and unable to pay its depositors in full. This action was later brought to recover the difference between the dividends paid depositors and the remainder of plaintiff's deposit, which the jury found amounted to $9,452.69.

The first contention of appellant is that the obligation was never delivered and, consequently, no liability arose under it. Whether the mailing of the bond constituted a delivery depends upon whether it was sent to Reisinger as agent of defendant, or as an officer of the bank: Donaldson v. Hartford Accident & Indemnity Co., 269 Pa. 456. The only evidence on this question is the fact that the letter in which the instrument was forwarded included several additional bonds for delivery to other banking institutions. This fact would support an inference that the delivery was intended to be to the agent and not to the bank. Giving defendant, however, the benefit of the doubt and assuming the bond was mailed

to him as agent, when the agent deposited it in the office of the bank to await the signature of the president, who was temporarily absent, he completed delivery to that institution for the purpose of execution as principal debtor, and, so far as liability as a surety is concerned, this action was equivalent to delivery to the obligee: Donaldson v. Hartford Accident & Indemnity Co., supra. The mere fact that such signature was not actually obtained would not relieve the surety from liability, inasmuch as the bond is joint and several in its terms and contains no provision that it shall not be binding until signed by the principal: Donaldson v. Hartford Accident & Indemnity Co., supra; Bradley v. Holleran, 59 Pa. Superior Ct. 1.

It is further argued that the deposit was not within the meaning of the clause in the bond providing that it should cover cash deposited "in an account subject to check." It appears plaintiff deposited the total sum of $20,000, one-half of which it is conceded was an ordinary checking account, the other half being represented by a certificate of deposit "payable only in period of six months; interest at 3% if left six months; ......all withdrawals subject to 30 days' notice." Testimony was offered and received to the effect that, notwithstanding the form of the certificate, there was an oral agreement with the cashier that the certificate was subject to endorsement and surrender at any time and that the entire amount was, in fact, to be subject to check, and that the arrangement was made to enable the bank to comply with clearing house and banking regulations. This evidence was admitted over objection and not denied by defendant. The contention is the evidence was inadmissible for the reason it contradicted the written certificate of deposit. The written certificate was not the basis of the suit, however, but only a collateral issue and in such case the parol evidence rule does not apply: Everson v. Fry, 72 Pa. 326; Curtin v. Peoples Nat. Gas

Co., 233 Pa. 397; Alexander v. Righter, 240 Pa. 22; Green v. Green, 255 Pa. 224, 232. The evidence was properly admitted and fully sustained the verdict.

The judgment is affirmed.