## Washington Township School Directors *v.* Renstrom, Appellant, et al.

Argued March 14, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. N. Carr*, of *Carr & Carr*, for appellant.

*E. C. Higbee*, of *Higbee, Matthews & Llewellyn*, for appellee, were not heard.

PER CURIAM, April 11, 1932:

This appeal raises the single question whether a tax collector who is required by statute to furnish a proper bond with such surety or sureties as a board of school directors may approve, must be named in the body of the bond and join with the sureties in its execution. There is no dispute as to the facts of the case.

C. H. Renstrom was elected tax collector for Washington Township, Fayette County, for the term beginning July 1, 1927. Under section 550 of the School Code of 1911, P. L. 309, he was required to furnish to the school district a proper bond, in an amount to be fixed by the board of school directors, with such surety or sureties as it might approve, conditioned on the faithful performance of his duties as such tax collector. A bond dated July 15, 1927, in the sum of fifty-five thousand dollars was furnished the school directors of the district and approved by them. The bond was a joint and several obligation signed by appellant, W. H. Renstrom, Charles Renstrom, G. W. Stephens, George Ferris, Edward Dreyer, H. S. Robinson, Wilbur Layton and Ray H. Stephens. The name of the tax collector, C. H. Renstrom, did not appear as an obligor in the instrument,

but the fact of his election to office was set out in one clause, and it was further recited that "The condition of the above obligation is such that, if the said C. H. Renstrom, collector of taxes for the Township of Washington and County of Fayette, Commonwealth of Pennsylvania, shall well and truly collect and pay over or account for according to law, the whole amount of taxes charged and assessed in the duplicate, which shall be delivered to him, then this obligation to be void, otherwise to be and remain in full force and virtue." There was also appended the duly executed official oath of C. H. Renstrom as tax collector.

On October 15, 1929, a judgment for $8,460.28 was confessed on the bond in favor of the school district. Subsequent credits reduced the judgment to $5,453.34. Execution was issued on this judgment and a levy made upon property of W. H. Renstrom, who thereupon petitioned the court and secured a rule to show cause why the judgment should not be opened. After argument the rule was discharged and from that order the present appeal was taken.

Appellant contends that inasmuch as the tax collector, C. H. Renstrom, was not named as an obligor in the bond and did not sign it, the obligation is unenforceable as to those who did sign. In support of this view he has cited many cases from other jurisdictions, but not one from Pennsylvania which is in point. It is settled law in this Commonwealth that a surety upon a joint or several bond is not relieved from the obligation of his bond where the principal named in the instrument has not executed it, in the absence of a stipulation that the bond should not be binding until signed by the principal: Hanauer v. National Surety Co., 279 Pa. 345; Donaldson v. Hartford A. & I. Co., 269 Pa. 456; Bradley v. Holleran, 59 Pa. Superior Ct. 1. Not all other jurisdictions are in accord with this rule. Appellant's cases are without exception taken from states which hold the contrary view, but even so they do not enunciate the rule which is

argued for here. Appellant relies particularly on Bunn v. Jetmore, 70 Mo. 228, where it was held that sureties upon a constable's bond were not liable thereon when the agreement was not signed by the constable as principal. That case, however, is not authority here because the constable had been named as principal in the body of the bond and, in the statute under which the bond was furnished, it was expressly stated that the principal must execute the bond with his sureties.

It can readily be argued that the Pennsylvania rule as stated in the Hanauer Case, supra, is authority for holding the principal need not be mentioned in the bond, where his obligation arises by operation of law or by virtue of a separate contract and is not solely predicated upon the bond itself, and the learned judge of the court below so held. However, the situation here is governed by Bank of Northern Liberties v. Cresson, 12 S. & R. 306, in which this court held that the bond of a bank cashier, conditioned for the faithful execution of the duties of his office or appointment, was valid and subsisting as against the two sureties who executed it, although the cashier as principal was not a party to the obligation. See also Loew v. Stocker, 68 Pa. 226.

We are of the opinion that the bond in the case before us was a proper and valid obligation, consequently the sureties who executed it are liable thereunder.

The order of the court below is affirmed at appellant's costs.